UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              Case No. 00-81122

OSCAR FLORES,                                                    HONORABLE AVERN COHN

    Defendant .

_____/

**MEMORANDUM**

On October 11, 2005, the Court sentenced defendant to a custody term of 100 months to be followed by 3 years of supervised release based on an Offense Level of 24 and a Criminal History of VI, which calls for a sentencing range of 100-125 months. Sentencing was pursuant to an order of the Court of Appeals for the Sixth Circuit subsequently described. This memorandum explains the reasons for the sentence and supercedes the Court's comments at the sentencing hearing.

### I. Events Leading to Initial Sentence and the Appeal Which Followed

#### A.

On May 24, 2000, defendant was indicted on a charge of violating 18 U.S.C. § 922(g)(1), Felon In Possession Of A Firearm, for an incident which occurred on December 20, 1998. As a consequence of defendant's conduct that day, defendant was convicted in state court for the offense of Fleeing and Eluding, and was sentenced to one year in jail. He was released from jail on June 26, 2000.

On January 23, 2001, a superceding indictment was returned against defendant

for the same offense. The superceding indictment "further alleged that at the time of this offense, the defendant had two previous convictions by courts for serious drug felonies, and a conviction for a violent felony, committed on occasions different from one another, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)." The described convictions enhance the penalty for violation of § 922(g)(1) to 15 years.

On May 15, 2002, the Court denied a motion to dismiss the superceding indictment. The motion to dismiss was based on the grounds that it did not describe with particularity specific felonies, and because one of the felonies was constitutionally invalid. See Order entered May 15, 2002.

On April 9, 2002, the government filed a notice styled Notice Specifying Oscar Flores as an Armed Career Criminal [within the meaning of 18 U.S.C. § 924(e)]. The notice listed 4 previous convictions which were the predicate offenses under § 924(e). They are described as follows:

1. On or about November 2, 1970, Oscar Flores was adjudicated in Saginaw County, State of Michigan, for Assault with a Knife, in violation of the laws of the State of Michigan;

2. On or about November 12, 1975, Oscar Flores was arrested and eventually convicted in Saginaw County, State of Michigan, for delivery of heroin, in violation of the laws of the State of Michigan;

3. On or about September 9, 1986, Oscar Flores was arrested and eventually convicted in the United States District Court for the Eastern District of Michigan, for distributing heroin, in violation of the laws of the United States;

4. On or about December 9, 1987, Oscar Flores was convicted in Saginaw County, State of Michigan, of Carrying a Concealed Weapon, in violation of the laws of the State of Michigan.

Neither party contests the inclusion of the two drug offenses as predicate offenses under § 924(e). The other two offenses will be subsequently discussed.

On May 23, 2002, after a 3 day trial, a jury found defendant guilty of being a felon

in possession of a firearm.

On June 21, 2002, the Court denied a motion JMOL or for a new trial. <u>See</u> Order entered June 21, 2002.

The Presentence Investigative Report scored defendant under the guidelines at Offense Level 33, Criminal History VI, calling for an imprisonment range of 235 to 293 months. As to the Offense Level, it was scored as follows:

| | |
|---|---|
| Base Offense Level | 24 |
| Increase as a consequence of a stolen firearm | +2 |
| Increase as a consequence of the fact that the firearm was possessed in conjunction with another offense | +4 |
| Obstruction of justice | +2 |
| | 32 |
| Career Criminal Adjustment | +1 |
| TOTAL OFFENSE LEVEL: | 33 |

The Criminal History was initially scored at 12 points as a consequence of defendant's prior convictions, plus 3 additional points since the offense of conviction was committed while defendant was under federal and state parole supervision, and the offense of conviction occurred less than 2 years subsequent to release from imprisonment. This adjustment resulted in a total of 15 criminal history points and a Criminal History of VI. Based on an Offense Level of 33 and a Criminal History of VI, the guideline imprisonment range was 235 to 293 months.

As can be imagined, there was a vigorous argument over the proper sentencing range under the guidelines. There were two sentencing hearings, the first on February 20, 2003, and the second on April 3, 2003. The major argument was around the defendant's conviction for assault with a knife, relating to his classification as an Armed

3

Career Criminal. The defendant's conviction for Carrying a Concealed Weapon was not considered after the Court considered the assault conviction to have been properly considered and included.

### B.

In its consideration of the offense level the Court included the adjustments recommended by the Presentence Investigative Report, *i.e.*, stolen firearm; in conjunction with another crime; obstruction of justice.

The disagreement over the assault with a knife conviction being considered in classifying defendant as an Armed Career Criminal was occasioned by the fact that the offense had been expunged and committed by the defendant as a juvenile. The reasons for including it are explained in the Memorandum filed April 4, 2004. On April 4, 2004, the Court sentenced defendant to a custody term of 235 months.

The defendant appealed. The Court of Appeals for the Sixth Circuit, in a *per curiam* opinion, vacated the sentence on the ground that the Court erred in including the conviction for assault with a knife. The Sixth Circuit remanded the case for consideration of whether the carrying of a concealed weapon conviction qualifies as a "violent felony" under § 924(e). See U.S. v. Flores, 118 Fed.Appx. 49 (6th Cir. December 17, 2004)(unpublished). Its inclusion would again classify the defendant as an Armed Career Criminal.

### II. The Sentence on Remand.

### A. Introduction.

The Court held two hearings on April 1, 2005, and October 11, 2005, on sentencing following the remand; they were accompanied by extensive briefings by the

4

government and the defendant.  Also, the defendant filed a motion for a downward departure on the grounds that defendant was not informed by counsel of the guideline sentencing range he faced if convicted (which was substantially in excess of the government's plea offer), and on grounds that should have been raised on appeal.

At the hearings, the Court decided that the offense level enhancements included in the initial Presentence Investigation Report needed to be re-examined in light of the Supreme Court's opinion in United States v. Booker, 125, S.Ct. 738 (2005).  At the April 1, 2005, hearing, the Court found:

> [Flores'] base offense level was 24.  There was a two-level enhancement for a stolen weapon, but I'm not aware that the jury found that the weapon was stolen; there was a four-level enhancement in conjunction with another felony, and I'm not aware that the jury found that; and there was a two level enhancement for obstruction of justice, and I'm not sure that the jury found that.  So if we take those out of the scoring, we are down to an offense level of 24, a criminal history category of VI, which calls for a sentencing range of 100 to 125 months.

These were the Court's findings before considering the Armed Career Criminal adjustment.

The principal question considered at the hearings was whether or not the conviction for Carrying a Concealed Weapon, under Michigan law, M.C.L. 750.227, qualified as a violent felony.

### B. Analysis.

### 1. The Legal Standard.

Under § 924(e), whether a prior offense constitutes a "violent offense" requires a determination of whether the offense is a "crime punishable by a term exceeding one year,...that...involves conduct that presents a serious potential risk of physical injury to another...." 18 U.S.C. § 924(e)(2)(B)(ii).  The specific inquiry is whether the offense

5

"involves conduct that presents a serious potential risk of physical injury to another."

### 2. The Circuit Split.

A circuit split exists on the issue. The Eleventh Circuit has held that carrying a concealed weapon meets the 18 U.S.C. § 924(e) standard. Comparing the carrying a concealed weapon conviction to a felon in possession conviction, the Eleventh Circuit explained that under Florida law, "carrying a concealed weapon requires the weapon to be (1) on or about the person, and (2) hidden from the ordinary sight of another person," whereas a felon in possession offense, which does not meet the § 924(e) standard of a violent felony, requires only possession of a weapon by a felon. U.S. v. Hall, 77 F.3d 398, 401-02 fn. 4 (11th Cir. 1996), aff'd in U.S. v. Miles, 290 F.3d 1341 (11th Cir. 2002). The Hall Court noted that, for the crime of being a felon in possession, such a felon can have actual or constructive possession, and the firearm need not be found on or about him or her, thus reducing the threat of violence, which is necessary to meet the 18 U.S.C. § 924(e) definition.

Conversely, reviewing the Missouri statute outlawing carrying a concealed weapon, the Eighth Circuit has ruled that carrying a concealed weapon is not a violent felony, and that, although "carrying an illegal weapon may involve a continuing risk to others, the harm is not so immediate" as to meet the standard in 18 U.S.C. § 924. U.S. v. Whitfield, 907 F.2d 798 (8th Cir. 1990).

### 3. Sixth Circuit Law.

The Sixth Circuit affirmed, in U.S. v. Johnson, 900 F.2d 260 (6th Cir. 1990)(unpublished), an Eastern District of Michigan decision that a violation of Michigan's law prohibiting the carrying of a concealed weapon did not fit the definition of an offense that satisfies 18 U.S.C. § 924(e). U.S. v. Johnson, 704 F. Supp. 1403

(E.D.Mich. 1989). While the Sixth Circuit decision did not provide an extensive analysis, the district judge analogized the "carrying a concealed weapon" prohibition to the "felon in possession" offense, which the court noted to be a "crime of violence" under 18 U.S.C. § 3142(f) for purposes of the Bail Reform Act. Johnson, 704 F. Supp. at 1407 citing U.S. v. Jones 651 F. Supp. 1309 (E.D.MI 1987); see also U.S. v. Headspeth, 852 F.2d 753 (4th Cir. 1988)(explaining the heightened "violent felony" standard in § 924(e) compared with the lesser "crime of violence" standard under 18 U.S.C. § 3142). The district judge found that only one of the reasons supporting the felon in possession offense as a "crime of violence" could be included when analyzing the offense of carrying a concealed weapon as a "violent felony." The reason for the distinction is that when a felon possess a weapon, the offender is *already a felon*, whereas when a person carries a concealed weapon, the offender merely has carried a weapon concealed. The district judge acknowledged that illegally possessing a weapon does entail a risk, but that "the generic offense plainly does not meet the statutory definition's standard." Johnson, 704 F. Supp. at 1407. Section 924(e) requires "*conduct* that presents a *serious potential risk* of physical injury" to others. (Emphasis added.)

### 4. The Michigan Law.

M.C.L. 750.227 states in relevant part:

(1) A person shall not carry a dagger, dirk, stiletto, a double-edged nonfolding stabbing instrument of any length, or any other dangerous weapon, except a hunting knife adapted and carried or otherwise in any vehicle operated or occupied by the person, except in his or her dwelling house, place of business or on other land possessed by the person.

(2) A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licenses, shall not carry the pistol in a place or manner inconsistent with any restriction upon such license.

The law punishes the possession of a weapon that is concealed from view whether or not the possessor actually creates any risk to others, let alone creates a *serious* potential risk to another. Drunk driving is a violation of the law that creates *some* potential risk to others. Carrying a concealed weapon probably creates some potential risk to others as well, but it does not itself involve any measure of violence.

### 5.  Resolution.

Carrying a concealed weapon does not involve any actual, attempted, or threatened use of violence. It merely describes a status of a person that the law forbids.[1] If being a *felon* in possession of a firearm is not a predicate offense for establishing Armed Career Criminal status, a *non-felon* concealing possession of a weapon should not be either. Carrying a concealed weapon does not come with the same type or degree of serious potential risk as burglary and arson, and the Court hesitates to greatly expand the list of offenses establishing an Armed Career Criminal to *any* offense that creates a public risk. Rather than adopt such an incongruous result, the Court adopted the position taken by the Eighth Circuit and the Sixth Circuit's unpublished opinion in Johnson, and did not consider Flores an Armed Career Criminal when deciding his sentence.

---

[1] While Michigan law forbids carrying a concealed weapon, some interpretations of the Second Amendment to the Constitution consider carrying a concealed weapon to be an individual right. For a discussion of the various interpretations of the Second Amendment, see Sanford Levinson, The Embarrassing Second Amendment, 99 YALE L. J. 637 (1989); Don B. Kates, Jr., Handgun Prohibition and the Original Meaning of the Second Amendment, 82 MICH. L. REV. 204 (1983).

Additionally, a law recently went into effect in Alaska that permits handgun owners to carry concealed weapons without a permit in the seven cities where permits had been still required. ALASKA STAT. § 29.35.145(a)(2005). Firearms can now be kept in vehicles in Alaska by those legally able to possess a gun under state and federal law. ALASKA STAT. § 18.65.800 (2005). While reasonable people can differ on the wisdom of these laws, it is difficult to argue that Alaska has legalized violent activity.

Accordingly, the Court sentenced Flores within the applicable guideline range for the offense of conviction.

        s/Avern Cohn  
        AVERN COHN  
        UNITED STATES DISTRICT JUDGE

Dated: November 17, 2005