UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OSCAR FLORES,

     Petitioner,

vs.                                          Crim. Case No. 00-81122-01
                                          Civil Case No.   08-14211


UNITED STATES OF AMERICA,        HON. AVERN COHN

     Respondent.
_____/

## MEMORANDUM AND ORDER
## DENYING MOTION UNDER 28 U.S.C. § 2255

### I.  Introduction

This is a habeas case under 28 U.S.C. § 2255.  Petitioner Oscar Flores claims

he is incarcerated in violation of his constitutional rights.  Specifically, Petitioner

contends that he was deprived of his Sixth Amendment right to counsel because trial

counsel was ineffective.  Before the Court is Petitioner's pro se motion to vacate under

§ 2255.  For the reasons that follow, the motion will be denied.

### II.  Background

Petitioner was charged with being a felon in possession or a firearm, in violation

of 18 U.S.C. § 922(g)(1).  During the proceedings, the government filed a notice under

18 U.S.C. § 924(e) specifying that Petitioner was an armed career criminal and listing

four of Petitioner's seven prior felony convictions as predicate felonies for purposes of

obtaining a sentence enhancement under § 924(e).

Petitioner was represented by appointed counsel from the Federal Defender's

Office (hereinafter referred to as "trial counsel").  Petitioner proceeded to trial and a jury

found him guilty as charged.  Following his conviction, trial counsel filed a motion to

withdraw which the Court granted.  The Court appointed new counsel who represented

Petitioner at sentencing and on the subsequent appeals, discussed below.  The Court

sentenced to 235 months imprisonment and five years supervised release upon a

finding that he was an armed career criminal under 18 U.S.C. § 924(e).

Petitioner appealed, raising the following issues:[1]  1) whether Petitioner's prior

state conviction for carrying a concealed weapon (CCW) qualified as a violent felony,

and 2) whether Petitioner's prior state juvenile adjudication for assault with a knife

qualified as a violent crime within the context of 18 U.S.C. § 924(e).  A divided panel of

the Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction but remanded

the case for further proceedings on the issue of whether the Petitioner's prior state

conviction for CCW qualified as a violent felony.  United States v. Flores, 2004 WL

292183 (6th Cir. Dec. 14, 2004) (unpublished).

On remand, following supplemental papers by the parties, this Court imposed a

custodial sentence of 100 months, finding that Petitioner's CCW conviction was not a

violent felony, thereby removing the armed career criminal designation.

The government appealed, arguing that (1) the CCW was a violent felony and (2)

the Court erred in failing to apply certain sentencing enhancements.  The Sixth Circuit

affirmed the Court's decision regarding Petitioner's CCW conviction but reversed and

remanded for the Court to make findings of fact concerning possible sentencing

---

[1]Petitioner also raised a claim that trial counsel was ineffective, which the Sixth
Circuit declined to review on direct appeal.

enhancements.  United States v. Flores, 488 F.3d 431 (6th Cir. 2007).

On remand, the Court again sentenced Petitioner to 100 months after making the

required factual findings.  The government did not appeal.

Petitioner then filed the instant motion claiming ineffective assistance of trial

counsel.

III.  Analysis

A.  General Standards

Title 28 U.S.C. § 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress
claiming the right to be released upon the ground that the sentence was imposed
in violation of the Constitution or laws of the United States, ... or that the
sentence was in excess of the maximum authorized by law, or is otherwise
subject to collateral attack, may move the court which imposed the sentence to
vacate, set aside or correct the sentence."

To prevail under § 2255, Petitioner must show a "fundamental defect which

inherently results in a complete miscarriage of justice."  United States v. Timmreck, 441

U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

In order to succeed on a claim of ineffective assistance of counsel, Petitioner

must show (1) that his counsel's performance was constitutionally deficient in that the

performance "fell below an objective standard of reasonableness under prevailing

professional norms" and (2) that he was prejudiced by his counsel's errors.  Magana v.

Hofbauer, 263 F.3d 542, 547 (6th Cir. 2001) (citing Strickland v. Washington, 466 U.S.

668, 687 - 88 (1984)).  In order to establish prejudice, Nwangwu must demonstrate that

"there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." Strickland, 466 U.S. at 694.  "The

3

<u>Strickland</u> analysis also applies to claims of ineffective assistance of counsel involving counsel's advice offered during the plea process." <u>Magana</u>, 263 F.3d at 547 (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985)).

## B. Application

Petitioner says trial counsel was ineffective in several respects as follows:  (1) trial counsel's failure to subpoena Detective Mark Clark; (2) trial counsel's failure to adequately address an issue dealing with a picture of the pistol at issue in the case, (3) trial counsel's failure to provide Petitioner with a clear copy of the picture in question, and (4) trial counsel's failure to investigate a defense that would have exonerated Petitioner.

Petitioner's first allegation of ineffectiveness regarding failing to subpoena Detective Mark Clark as a witness lacks merit.  Detective Clark, however, was present at trial and could have been called as a witness without being subpoenaed.  Thus, trial counsel was not ineffective for failing to subpoena him.  In addition, trial counsel and the investigator for the Federal Defender's Office both filed affidavits which are attached the government's response.  They both state that Petitioner never requested that Detective Clark be subpoenaed, nor did trial counsel believe that his testimony necessary to conducting a sound defense of Petitioner.  The officers who conducted the initial investigation on the night of Petitioner's arrest testified at trial and were available for cross-examination.  Trial counsel had no reason to believe that Detective Clark would be able to contribute any additional insight or beneficial testimony based on personal knowledge of the events and circumstances surrounding Petitioner's case.  Trial counsel is granted a good deal of deference in determining trial strategy, and the Court

finds no evidence that indicate that trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687.

Petitioner's second allegation of ineffective assistance lacks both factual and legal support. To the extent it can be discerned, the allegation relates to a picture of the .25 caliber pistol which Petitioner was charged with possessing and the use of that picture by Detective Clark in conducting an interview with Allen Moore during which Moore was asked whether the pistol in the picture belonged to him. Petitioner asserts that Detective Clark's actions in questioning Moore prejudiced him.

Allen Moore testified at trial and was cross-examined by trial counsel. The picture of the pistol was admitted during the trial. Thus, both Allen Moore and the picture were available at trial. Petitioner has not make any showing that the exchange between Detective Clark and Moore was somehow linked to trial counsel's performance or that Petitioner was somehow prejudiced. Thus, this allegation lacks merit.

In his third allegation of ineffectiveness, Petitioner again raises an issue regarding the picture of the pistol by claiming that defense counsel's failure to produce a clear copy of the pistol denied Petitioner of evidence that would have exonerated him. This allegation also lacks merit. Petitioner admits to having been given a copy of the photograph and simply claims that the quality of the copy provided to him was so inadequate as to constitute error by defense counsel. The picture was admitted into evidence; thus, Petitioner had access to it. The fact that Petitioner says his copy was somehow inadequate does not constitute ineffectiveness, nor has Petitioner shown how he was prejudiced.

Petitioner's fourth allegation is again tied to the subject of the picture of the pistol

and Moore's involvement in the case.  Allen Moore testified at trial and was cross-examined by defense counsel.  Petitioner has failed to produce any affidavit or other evidence that Moore could have or would have testified in a manner more beneficial to Petitioner had trial counsel explored a different line of questioning at trial.  Petitioner certainly has not demonstrated that Moore would have produced testimony that would have exonerated Petitioner.  Petitioner has failed to show trial counsel was ineffective in this regard.

Overall, after a careful review of Petitioner's papers, the Court is satisfied that Petitioner's trial counsel provided competent representation to Petitioner at all stages, and trial counsel's failure to raise certain issues or take certain actions was well within the protected realm of trial strategy.  Moreover, given the overwhelming evidence of Petitioner's guilt, Petitioner has failed to establish prejudice resulting from trial counsel's performance.

## V.  Conclusion

For the reasons stated above, Petitioner's motion under § 2255 is DENIED.

SO ORDERED.

Dated:  November 17, 2008          s/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Oscar Flores, #08770-039, Monica House, 15380 Monica, Detroit, MI 48238 the attorneys of record on this date, November 17, 2008, by electronic and/or ordinary mail.

                                   s/Julie Owens
                                   Case Manager, (313) 234-5160