UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSCAR FLORES,

    Petitioner,

vs.                                                    Crim. Case No. 00-81122-01

UNITED STATES OF AMERICA,       HON. AVERN COHN

    Respondent.
_____/

## ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2255. Petitioner Oscar Flores claimed he is incarcerated in violation of his constitutional rights. Specifically, Petitioner claimed trial counsel was ineffective in several respects. The Court denied the motion on the merits. See Memorandum and Order Denying Motion under 28 U.S.C. § 2255, filed November 17, 2008. Before the Court is Petitioner's motion for a certificate of APPEAL ABILITY.

II.

Before Petitioner can appeal the Court's decisions, a certificate of APPEAL ABILITY (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require

full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Having carefully reviewed the file, for all the reasons stated in the November 17, 2008 order, reasonable jurists would not debate whether Petitioner's ineffective assistance of counsel claim deserves to proceed further of that the Court otherwise erred in denying the motion. Accordingly, a COA is DENIED.

SO ORDERED.


Dated: January 12, 2009        s/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE

00-81122 Flores v. USA
Order Denying Certificate of Appealability

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to Oscar Flores, 08770039, Monica House, 15380 Monica, Detroit, MI 48238 and the attorneys of record on this date, January 12, 2009, by electronic and/or ordinary mail.

 S/Julie Owens
Case Manager, (313) 234-5160